UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| JEFFREY MARCUS GRAY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SHOAR, in his official capacity as Sheriff of Saint Johns County, Florida, RICKY C. DOMINGO, individually,<br>BRYAN KEITH HARRINGTON, individually,<br>RICHARD PITTMAN, individually,<br>and<br>DAVID RAMOS, individually.<br><br>Defendants. | Case No. 3:16-cv-573-J-39MCR |

**PLAINTIFF'S MOTION FOR SANCTIONS**
**(Related Document Numbers 10 and 16)**

Plaintiff, JEFFREY MARCUS GRAY (the "Plaintiff"), by and through the undersigned counsel, hereby moves this Honorable Court for the entry of an Order, imposing sanctions upon all Defendants upon their failure to comply with this Court's November 14, 2016 *Order*, D.E. 16, and in support thereof, Plaintiff states the following:

**BACKGROUND**

1.  On August 4, 2016, Plaintiff filed *Plaintiff's Motion to Tax Costs of Service of Process*. D.E. 10.

2.  After Defendants failed to respond to the Motion, this Court entered its November 14, 2016 *Order*, granting the Motion and directing each Defendant to remit payment in the amount of $50.00 to Plaintiff within thirty (30) days of the Order. D.E. 16.

1

3. Therefore, Defendants' deadline to comply with the Order was Wednesday, December 14, 2016.

4. On January 5, 2017, more than three weeks after the Court-imposed deadline to remit payment, and without any Defendant having complied with the Court's Order, the undersigned Counsel e-mailed Counsel for Defendants, seeking to confer about when Defendants intended to remit the Court-ordered payments.

5. Defendants' Counsel responded on the same day, requesting "a day or two" to "look into it and . . . get back to you." The undersigned then, admittedly, advised Defendants' Counsel to "take your time," but after two and a half more weeks passed, the undersigned again e-mailed Defendants' Counsel on January 22, 2017, seeking an update.

6. The undersigned Counsel then called Defendants' Counsel's office on the morning of January 24, 2017 but, after identifying the undersigned Counsel's name, was advised that Defendants' Counsel had "stepped away from her desk."

7. To date, Defendants have neither complied with the Court's November 14, 2016 Order nor granted any assurances that compliance with the Court's Order is forthcoming.

8. Plaintiff has incurred attorney fees in connection with Defendants' willful failure to comply with this Court's Order.

## MEMORANDUM OF LAW

This Court has the inherent authority to impose sanctions upon Defendants' for their willful disobedience with this Court's Order, and it has further authority pursuant to FED. R. CIV. P. 4(d) to award attorney fees to Plaintiff, since the instant motion is filed in connection with Defendants' failure to waive service of process after Plaintiff requested such a waiver from each of them (on more than one occasion, as the Court noted in its Order).

This Court "has inherent authority to manage its affairs and sanction parties . . . The Court may tax attorneys' fees and costs when the client, attorney, or both has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or may otherwise impose sanctions for failure to comply with court orders or the Federal Rules of Civil Procedure." *Fidelity Land Trust Co., LLC v. Sec. Nat. Mortg. Co.*, case no. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013) (quotations omitted) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *F.J. Hanshaw Ent., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (describing, *inter alia*, the federal courts' "ability to address the full range of litigation abuses through their inherent powers."); *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), abrogated on other grounds as recognized by *Douglas Asphalt Co v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011)).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Loc. R. 3.01(g), and as described above, the undersigned Counsel sought in good faith to confer with Defendants' Counsel in an effort to resolve or narrow the scope of disputed issues described herein, but such efforts were unsuccessful.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests the entry of an Order, imposing sanctions on Defendants as follows:

(1)   compelling each Defendant to remit payment to Plaintiff, as previously ordered;

(2)   awarding Plaintiff his reasonable attorney fees incurred in connection with the Defendants' willful disregard of this Court's Order; and

(3)   providing such other and further relief as this Honorable Court deems just and proper.

Dated January 25, 2017 by:  **THE BONDERUD LAW FIRM, P.A.**

*/s/ Andrew Bonderud*
Andrew M. Bonderud, Esq.
TRIAL COUNSEL
Florida Bar No. 102178
301 W. Bay Street, #1433
Jacksonville, FL 32202
904-438-8082 (telephone)
904-800-1482 (facsimile)
E-Mail: BonderudLaw@gmail.com
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 25, 2017, I filed the foregoing document with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to Lisa Truckenbrod, Esq., Counsel for Defendants, via electronic mail (LMT@JollyLaw.com).

*/s/ Andrew Bonderud*
Attorney